

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:99CV144-1-V

| | |
|---|---|
| ROBERT CHARLES BRAGG, | ) |
| | ) MOTION FOR SUMMARY JUDGMENT |
| Petitioner, | ) AND ANSWER TO PETITION FOR |
| | ) WRIT OF HABEAS CORPUS |
| v. | ) 28 U.S.C. §2254 |
| | ) Habeas Rules 5, 11 |
| LOOMIS WOODARD, Supt., | ) |
| Johnston County Corr. Center, | ) |
| | ) |
| Respondent. | ) |

1.  <u>Motion</u>.  Respondent moves for summary judgment on
Petitioner's application for a writ of habeas corpus.  As shown
by the records and the accompanying brief filed in support of
this motion and answer, there is no genuine issue of material
fact.  Therefore, Respondent is entitled to judgment as a matter
of law.

2.  <u>Response to Allegations</u>.  The allegations contained
in Petitioner's federal habeas application form Paragraphs 1-11
and 14-17 are not denied; the allegations of Paragraph 12 are
denied for the reasons stated in the brief filed in support of
this answer, except to the extent they may be admitted therein.
Respondent denies that any of Petitioner's contentions entitle
him to a writ of habeas corpus.



3.  _Exhaustion_.  For the reasons set forth in the supporting brief, Petitioner failed to properly and fully present his present claims to the courts of North Carolina.  However, for the reasons authorities also set forth in the supporting brief, Petitioner's claims are now procedurally barred from further state review.  They should therefore be deemed procedurally barred from federal habeas review for the reasons and authorities also set forth in the supporting brief.

4.  _Transcripts_.  A copy of Petitioner's trial transcript excluding jury selection is filed herewith.

5.  _Demand for Relief_.  For the reasons above, as supplemented by the brief filed in support of this motion and answer, Respondent requests Petitioner's application be denied summarily, without further inquiry or argument other than the reply comprehended by 28 U.S.C. §2248.

Respectfully submitted, this the 6 day of December, 1999.

MICHAEL F. EASLEY
ATTORNEY GENERAL

Clarence J. DelForge, III
State Bar No. 12925
Assistant Attorney General

Post Office Box 629
Raleigh, North Carolina  27602

(919) 716-6571

Case 5:99-cv-00144-RLV   Document 4   Filed 12/13/99   Page 3 of 31

ROBERT CHARLES BRAGG,                   )
                                        )   SUPPORTING BRIEF
            Petitioner,                 )   Local Rule 7.2
                                        )
     v.                                 )
                                        )
LOOMIS WOODARD, Supt.,                  )
Johnston County Corr. Center,           )
                                        )
            Respondent.                 )

### Summary of the Nature of the Case

Petitioner is a prisoner of the State of North Carolina who,

on February 26, 1996, in the Superior Court of Watauga County,

Honorable Charles C. Lamm, Jr., was convicted after trial by jury

of first-degree murder and sentenced to life imprisonment without

parole.  On February 17, 1998 the North Carolina Court of Appeals

issued an unpublished opinion finding no prejudicial error in

Petitioner's trial.  (see copy of opinion at TAB 1)  The state

court records do not reveal that Petitioner ever filed a timely

petition for discretionary review (PDR) to the Supreme Court of

North Carolina.  Approximately one year later on February 12,

1999 Petitioner submitted a certiorari petition to the Supreme

Court of North Carolina.  Certiorari was denied by order of June

25, 1999.  Petitioner filed his federal habeas action with this

Court on September 15, 1999. Petitioner was represented at trial and on appeal by Mr. Jeffrey M. Hedrick and in this habeas action by Mr. J. Phillip Griffin, Staff Attorney with North Carolina Prisoner Legal Services, Inc.

## Contentions

Petitioner contends that; (a) his conviction was obtained by the unconstitutional failure of the trial judge to conduct an <u>in camera</u> inspection of the sealed mental health records of state's witness and co-perpetrator Kenneth Coffey; and (b) his conviction was obtained by the trial judge's unconstitutional exclusion of Coffey's prior inconsistent statement to a fellow inmate that Petitioner had nothing to do with the murder, that Petitioner did not deserve it, and that Coffey committed the murder with Greg Richardson.

## Statement of Facts

For a complete statement of facts Respondent refers this Court to the state's brief on direct appeal to the North Carolina Court of Appeals. (TAB 2, pages 2-7) For a summary of facts Respondent refers this Court to the opinion of that court. (TAB 1, pages 1-4)

-2-

## Legal Argument

### 1. Petitioner's claims are procedurally barred from federal habeas review.

The United States Supreme Court has recently held that claims not properly raised in a petition for discretionary review (PDR) to a state supreme court from an opinion of a state intermediate appellate court are not properly exhausted and are therefore procedurally barred from federal habeas review. O'Sullivan v. Boerckel, ___ U.S. ___, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In the case at bar, Petitioner raised contention (a) in federal constitutional terms and contention (b) in state law terms on direct appeal to the North Carolina Court of Appeals.[1] (See copy of Petitioner's brief at TAB 1, pages 24-27 and 14-16, i.e., contention (a) corresponds with Argument VIII at pages 24-27 and contention (b) corresponds with Argument III at pages 14-16) The state court records do not reveal, however, that Petitioner ever filed a timely petition for discretionary review (PDR) to the Supreme Court of North Carolina seeking review of the Court of Appeals February 17, 1998 opinion on direct appeal,

---

[1] As set forth below, contention (b) is also procedurally barred from federal habeas review because Petitioner did not raise it in federal constitutional terms in his brief on direct appeal to the North Carolina Court of Appeals. (See TAB 3, pages 14-16 at Petitioner's Argument III).

-3-

as authorized by the North Carolina Rules of Appellate Procedure. See N.C.R. of App. P., Rule 15(b) (1999) (PDR to North Carolina Supreme Court must be filed within 15 days after issuance of Court of Appeals' mandate) and Rule 32(b) (Unless otherwise ordered, mandate issues 20 days after issuance of opinion by appellate court.). Petitioner's time for filing a PDR has long since expired. Id. Thus, under O'Sullivan all of Petitioner's present contentions should be deemed procedurally barred.

Admittedly, approximately one-year later on February 12, 1999 Petitioner submitted a certiorari petition to the Supreme Court of North Carolina seeking review of the Court of Appeals opinion on direct appeal. (TAB 4) See N.C.R. of App. P., Rule 21(a) (1999) (certiorari available where petitioner has no right of appeal or has lost it through untimely action). A certiorari petition, however, is an extra-ordinary writ which is discretionary in nature, and should not be considered to make up for Petitioner's failure timely file a PDR which is part of the regular and normal appellate procedure in North Carolina. Compare, Rule 15(b) (PDR to North Carolina Supreme Court must be filed within 15 days after issuance of Court of Appeals' mandate) and Rule 32(b) (Unless otherwise ordered, mandate issues 20 days after issuance of opinion by appellate court.).

-4-

Furthermore, if in response to this brief Petitioner
contends he did not file a PDR due to ineffective assistance of
counsel, this would not constitute a sufficient "cause" for his
procedural default. Although a criminal defendant has a federal
constitutional right to effective assistance of counsel on his
first appeal as of right, he has no such right to counsel to file
a PDR. See Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71
L.Ed.2d 475 (1982) (No right to counsel to file petition for
discretionary review to state supreme court.); Ross v. Moffitt,
417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (no right to
free counsel beyond first appeal as of right). Therefore, any
potential allegation of ineffective assistance of counsel in
failing to file a PDR, cannot constitute "cause" for Petitioner's
procedural default. Compare, Mackell v. Angelone, 131 F.3d 442
(4th Cir.) (Attorney error on state post-conviction review cannot
constitute ineffective assistance of counsel as "cause" for
procedural default, because no right to counsel in post-
conviction proceedings.), cert. denied, ___ U.S. ___, 118 S.Ct.
907, 139 L.Ed.2d 922 (1998).

In sum, all of Petitioner's federal habeas contentions
should be deemed procedurally barred. Should this Court somehow
disagree, however, Petitioner's claims are addressed on their

-5-

merits below.

## 2. Petitioner's contentions are without merit.

Contention (a) - that Petitioner's conviction was obtained by the unconstitutional failure of the trial judge to conduct an in camera inspection of the sealed mental health records of state's witness and co-perpetrator Kenneth Coffey - is denied and should be summarily dismissed. Petitioner raised the substance of this contention in federal constitutional terms on direct appeal to the North Carolina Court of Appeals. That court did not decide whether Judge Lamm should have conducted an in camera review of the sealed mental health records of Kenneth Coffey. Instead, the Court of Appeals took the more prudent and direct course of reviewing the sealed mental health records in camera itself. After carefully reviewing the sealed records and the trial testimony, the Court of Appeals concluded no prejudicial error occurred. The pertinent language from the court's opinion reads as follows;

> Without deciding whether the trial court
> should have preformed an in-camera review
> of the documents, we have reviewed the sealed
> mental health records which relate primarily
> to Coffey being competent to stand trial.
> We fail to see how this information could
> have benefited the defendant as he examined
> Coffey about his head injury, memory loss,
> treatment at Broughton Hospital, and New

-6-

River Mental Health Clinic, as well as about
                    any medications he was taking. As no prejudice
                    resulted to the defendant due to the failure of
                    the trial court to inspect the records in camera,
                    we find this assignment of error to be without
                    merit.

(TAB 1, pages 10-11)   This holding is correct and consistent with

United States Supreme Court precedent. In fact, the Supreme

Court has specifically held the remedy for a state trial court's

improper failure to conduct an in camera review of medical

records, is a post-conviction in camera review to determine

whether they contain favorable material which would have created

a reasonable probability of a different result.  See Pennsylvania

v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987)

(Defendant who has been denied access to youth services files

before conviction is entitled to post-conviction in camera

inspection by the court, and not his counsel, to determine if

they contain any exculpatory information and if so if there could

be a reasonable probability that had the evidence been disclosed

the result would be different.).  See also Love v. Johnson, 57

F.3d 1305 (4th Cir. 1995) (State courts' failure to conduct in

camera review of child victim's medical/mental health records for

impeaching evidence required the district court to conduct an in

camera review itself to determine whether they contain

Case 5:99-cv-00144-RLV   Document 4   Filed 12/13/99   Page 10 of 31

information that would probably have changed the outcome of trial.), appeal after remand, 188 F.3d 502 (4th Cir. 1999).

Thus, assuming arguendo that the trial court erred by not conducting an in camera review of Coffey's sealed mental health records, the Court of Appeals' in camera review rendered it harmless. For the harmless error standard on federal habeas review for trial-type errors such as the one alleged here, see Brecht v. Abrahamson, 507 U.S. 619, 133 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief); O'Neal v. McAninch, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (error harmless on federal habeas review unless judge in "grave doubt" whether error had substantial and injurious effect on verdict). Furthermore, Petitioner does not demand, nor does he suggest he has a right to demand, that this Court look over the shoulders of the Court of Appeals and conduct another in camera review of the sealed mental health records. Instead, Petitioner apparently contends it was per se reversible error for the trial court not to conduct the in camera review and not disclose the sealed records, and the appellate court could not cure this error. To support this argument Petitioner cites

-8-

United States v. Society of Independent Gasoline Marketers of America, 624 F.2d 461 (4th Cir. 1979), cert. denied, 449 U.S. 1078, 101 S.Ct. 859, 66 L.Ed.2d 801 (1981).

Petitioner's reliance upon Gasoline Marketers is misplaced. First, Gasoline Marketers is a pre-Ritchie case. The North Carolina Court of Appeals was only obligated to comply with and, as stated above, did comply with Ritchie.[2] Second, the Court of Appeals decision in the case at bar is consistent with Gasoline Marketers. That case was a federal civil suit in which the district court conducted an in camera review of the sealed medical/mental health records of an important witness to determine whether they contained impeaching evidence. The district court did not believe the records were sufficiently pertinent to disclose to defense counsel. On direct appeal, however, the Fourth Circuit reviewed the same sealed medical records and disagreed with the district court's conclusion. The

---

[2] In addition, as this Court is well aware, state courts have no obligation to follow decisions of the inferior federal courts and are only bound by the Supreme Court of the United States. See Arizonans for Official English v. Arizona, 520 U.S. 43, ___ n. 11, 117 S.Ct. 1055, 1064 n. 11, 137 L.Ed.2d 170, 188 n. 11 (1997), citing with approval, Lockhart v. Fretwell, 506 U.S. 374, 375-76, 1135 S.Ct. 838, 845-46, 122 L.Ed.2d 180 (1993) (Thomas, J., concurring); Green v. French, 143 F.3d 865, 880-84 (Th Cir. 1998), cert. denied, 119 S.Ct. 844 (1999).

Case 5:99-cv-00144-RLV   Document 4   Filed 12/13/99   Page 12 of 31

Fourth Circuit explained why the sealed records would have been material to the plaintiff. The court stated, _inter alia_, that,

> [i]t occurs to us that the hospital records
> that the witness' hospitalization in 1966 as
> work-related and that it was quite probable
> that his 1968 illness was of a similar nature.
> The records should also have indicated to the
> court that the witness' judgment during both
> periods of illness was seriously impaired, and
> that a jury could have concluded that his ability
> to make rational observations was highly
> questionable. The records would further indicate
> that the patient had not fully recovered when he
> was discharged from the hospital in 1968 since they
> point out that his condition required further
> psychiatric treatment and continued medication.

_Gasoline Marketers_, 624 F.2d at 467-68. In the case at bar, however, the factual circumstances are different. Although plaintiff's counsel in _Gasoline Marketers_ inquired into the witnesses' mental problems on cross-examination, there is no indication in the opinion that he was able to cross-examine to the extent defense counsel cross-examined Kenneth Coffey. (See cross-examination of Coffey at Trial Tp. Vol. II, pages 239-351)

Here, defense counsel was able to elicit in front of the jury significant medical/mental health history of Coffey. Counsel "examined Coffey about his head injury, memory loss, treatment at Broughton Hospital, and New River Mental Health Clinic, as well as about any medications he was taking." (TAB 1,

-10-

page 11)  (See cross-examination of Coffey at Trial Tp. Vol. II,

pages  239-351)  In addition, contrary to Petitioner's implicit

assertion, neither Gasoline Marketers nor Ritchie hold that

failure to disclose medical/mental health records must always be

found prejudicial regardless of the information defense counsel

is able to elicit about the witnesses' medical/mental health

history on cross-examination.  In other words, there is no per se

rule that failure to disclose medical/mental health records of an

important state's witness automatically constitutes prejudicial

error.  Petitioner, who has the burden of proof in this case, has

failed to show the trial court's refusal to conduct in camera

review of Coffey's sealed medical/mental health records

prejudiced him in any way.

In addition, another distinction between Gasoline Marketers

and the case at bar, is that the North Carolina Court of Appeals

reviewed the contents of the sealed mental health records and

concluded they contained nothing material to Petitioner's

defense.  In other words, disclosure of the sealed records would

not have created a reasonable probability of a different result

as it would have in Gasoline Marketers.  Therefore, in the case

at bar Petitioner was not prejudiced by the trial court's failure

to conduct an in camera review.  Furthermore, Petitioner's

-11-

assertion that the North Carolina Court of Appeals' _in camera_ review could not cure the trial court's failure to conduct one, is without merit. There is no language in _Gasoline Marketers_ or _Ritchie_ holding that an appellate court's _in camera_ review and finding of no prejudice cannot render harmless the trial court's failure to do so. In fact, as stated above, _Ritchie_ authorizes post-conviction _in camera_ review as the appropriate remedy for a trial court's improper failure to conduct one.

Furthermore, to the extent Petitioner is arguing that there is such a _per se_ rule of automatic prejudicial error, it should be deemed barred by _Teague v. Lane_, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Petitioner has not cited nor has the undersigned discovered any United States Supreme Court case holding that a trial court's improper failure to conduct an _in camera_ review can never be rendered harmless by an appellate court's subsequent review of the sealed records and appellate determination that no prejudice occurred. To adopt such a _per se_ rule at this point should be construed to contradict _Ritchie_ and thereby create a "new rule" of constitutional adjudication prohibited on federal habeas review by _Teague_. Moreover, to accept Petitioner's argument would render direct appellate review in the North Carolina Court of Appeals superfluous. The trial

-12-

court sealed the mental health records for appellate review and the appellate court conducted an in camera review and found no prejudicial error. Thus, the state has complied with both the letter and spirit of Ritchie.

Next, contention (a) should be summarily denied pursuant to 28 U.S.C. §2254(d). The North Carolina Court of Appeals adjudication and denial of Petitioner's claim was not contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. As stated above, the Court of Appeals complied with Ritchie. Instead of determining whether the trial court erred by not disclosing the sealed medical/mental health records, the appellate court reviewed the sealed records itself and found no prejudice occurred. Thus, the Court of Appeals adjudication and denial of Petitioner's claim should not be overturned under §2254(d). See also Green v. French, 143 F.3d 865, 870 (4th Cir. 1998) ("In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant [United States Supreme Court] precedent **in a manner that reasonable jurists would all agree is unreasonable."**) (emphasis added); Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.) ("[T]he phrase 'adjudication on the merits' in

-13-

section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."), <u>cert</u>. <u>denied</u>, 119 S.Ct. 2361, 144 L.Ed.2d 254 (1999); <u>Wright v. Angelone</u>, 151 F.3d 151, 157 (4th Cir. 1998) (Even where state court denies multiple claims in short one paragraph order without an evidentiary hearing, the state adjudication is still entitled to the new deferential standards of review of §2254(d).); <u>Weeks v. Angelone</u>, 176 F.3d 249, 258, (4th Cir. 1999) ("Where, as here, the state supreme court has adjudicated a claim on the merits but has given no indication of how it reached its decision, a federal habeas court must still apply the AEDPA standards of review. [citation omitted] A state court's perfunctory decision is reasonable if it "'is at least minimally consistent with the facts and circumstances of the case.'" [citations omitted]."), <u>cert. allowed on other grounds</u>, ___ U.S. ___ (1999).

In sum, Petitioner's contention that the trial court erred by not conducting an <u>in camera</u> review of the sealed mental health records of Kenneth Coffey, is without merit, harmless and should be summarily denied pursuant to §2254(d). In addition, to the extent Petitioner is arguing for a <u>per se</u> rule of automatic prejudicial error, it should be deemed <u>Teague</u> barred.

-14-

Contention (b) - that Petitioner's conviction was obtained by the trial judge's unconstitutional exclusion of Coffey's prior inconsistent statement to a fellow inmate that Petitioner had nothing to do with the murder, that Petitioner did not deserve it, and that Coffey committed the murder with Greg Richardson - is denied and should be summarily dismissed.  First, contention (b) was not properly raised on direct appeal in federal constitutional terms and is now procedurally barred from federal habeas review.  Petitioner raised this contention in the North Carolina Court of Appeals in terms of a violation of state law only.  (see Petitioner's Argument III in his brief on direct appeal at TAB 3, pages 14-16)  Then, after Petitioner changed lawyers to his present habeas counsel Mr. Griffin, he first raised his raised contention (b) in terms of a violation of his federal confrontation rights in his petition for certiorari to the Supreme Court of North Carolina.  (TAB 4, pages 17-19)  This was too little too late.  A certiorari petition to the North Carolina Supreme Court is an extra-ordinary and discretionary petition and not a matter of right.  N.C.R. of App. P., Rule 21(a)(1) (certiorari "may be issued" in appropriate circumstances) (1999).  See also Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990) (Certiorari petition under North Carolina law is

-15-

substantially similar to certiorari petition to United States

Supreme Court and its denial does not constitute an adjudication

of merits but merely refusal to hear the case.), cert. denied,

498 U.S. 1032, 111 S.Ct. 693, 112 L.Ed.2d 683 (1991).

Furthermore, the Supreme Court of the United States has held that

merely raising a federal constitutional claim for the first time

in a discretionary petition to a state's highest court, as

Petitioner has done here, is insufficient by itself to exhaust

state remedies. See Castille v. Peoples, 489 U.S. 346, 109 S.Ct.

1056, 103 L.Ed.2d 380 (1989) (Presentation of a claim for the

first time in a petition for discretionary review to a state

appellate court is insufficient to exhaust state remedies.).

In addition, because Petitioner did not properly raise

contention (b) in federal constitutional terms in his brief to

the Court of Appeals (see Petitioner's Argument III in his brief

on direct appeal at TAB 3, pages 14-16), he did not properly

exhaust state remedies on that claim. See Duncan v. Henry, 513

U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865, 868 (1995) ("If state

courts are to be given the opportunity to correct alleged

violations of prisoners' federal rights, they must surely be

alerted to the fact that the prisoners are asserting claims under

the United States Constitution. If a habeas petitioner wishes to

claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court but in state court."); Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (presentation of all facts necessary to state federal claim or presentation of similar state law claim not sufficient; federal constitutional claim must be explicitly raised in state proceedings); Pritchess v. Davis, 421 U.S. 482, 195 S.Ct. 1748, 44 L.Ed.2d 317 (1975); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). See also Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir.) ("... the exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal contention must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'"), cert. denied, 513 U.S. 1047, 115 S.Ct. 644, 130 L.Ed.2d 549 (1994).

Should Petitioner return to state court to attempt to exhaust state remedies by raising his federal Confrontation Clause claim in a post-conviction motion for appropriate relief (MAR), however, his claim will be found procedurally barred under

North Carolina's mandatory post-conviction procedural bar
statute. This is because Petitioner could and should have raised
his federal Confrontation Clause claim on direct appeal to the
Court of Appeals. See N.C.G.S. §15A-1419(a)(3), (b) (1997)
(motion for appropriate relief procedurally barred when
Petitioner was in adequate position to raise claim on direct
appeal but did not do so, absent showing of cause and prejudice
for default). See also Breard v. Pruett, 134 F.3d 615 (4th Cir.)
(Procedural default occurs when habeas petitioner fails to
exhaust available state remedies and court to which petitioner
would be required to present his claims in order to meet
exhaustion requirement would now find claims procedurally
barred.), cert. denied, 523 U.S. 371, 118 S.Ct. 1352, 140 L.Ed.2d
529 (1998); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998)
("The state procedural rule applied in this case, North Carolina
General Statutes §15A-1419(a)(3), is an independent and adequate
state ground."), cert. denied, 119 S.Ct. 1061 (1999); Boyd v.
French, 147 F.3d 319, 332, (4th Cir. 1998) ("This court has
consistently held, however, that §15A-1419(a) is an adequate and
independent state-law ground for decision foreclosing federal
habeas review."), cert. denied, 119 S.Ct. 1050 (1999).

    In addition, if in response to this brief Petitioner

-18-

attempts to raise a claim of ineffective assistance of appellate

counsel for counsel's failure to raise his contention (b) on

direct appeal to the Court of Appeals in terms of a violation of

the federal Confrontation Clause, it must also be deemed

procedurally barred. See Justus v. Murray, 897 F.2d 709 (4th

Cir. 1990) (Petitioner cannot assert ineffective assistance as

cause for procedural default where he has also defaulted on

ineffective assistance claim, unless he first establishes cause

and prejudice for default on ineffective assistance claim.). See

also Murray v. Carrier, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 91

L.Ed.2d 397 (1986) (Although petitioner may seek to demonstrate

ineffective assistance as cause for default, exhaustion doctrine

generally requires that ineffective assistance claim first be

presented to state courts.). Thus, contention (b) should be

deemed procedurally barred.

Next, contention (b) is without merit. Petitioner sought to

introduce, as prior inconsistent statements, testimony of Shawn

Delp, a prisoner incarcerated with Coffey, about a jail house

telephone conversation he overheard between Coffey and someone

else. On direct examination, Delp said that he heard Coffey say;

"he (Coffey) knows that Bobby didn't do this and he - Bobby did

not deserve what was going on and whatever he (Coffey) got he

(Coffey) deserved." (T. Vol. VII at 1235) The prosecutor objected on the ground that Coffey's statement was not inconsistent with his prior testimony. The judge sustained the objection, and struck the testimony, explaining that he did not recall Coffey "being asked about that." (T. Vol. VII at 1235)

Then, outside the presence of the jury, the defendant made an offer of proof in which Delp testified; (1) "that Bobby did not deserve it, but whatever he got, he deserved"; (2) "that he [Greg Richardson] was with Kenneth"; and (3) Coffey said Petitioner had no involvement in the murder. (T. Vol. VII at 1239-40) Petitioner contends exclusion of the proffered testimony violated his rights under the Confrontation Clause of the United States Constitution. (see Petitioner's supporting memorandum at pages 19-22) His contention is incorrect and should be summarily denied.

Since this is a federal habeas action and not a direct appeal, the only cognizable evidentiary issue is whether exclusion of the challenged evidence was so egregiously improper it rendered Petitioner's entire trial fundamentally unfair or violated a specific constitutional provision. See Howard v. Moore, 131 F.3d 399, 415 n. 18 (4th Cir. 1997); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). See also Estelle v.

-20-

<u>McGuire</u>, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)
(error of state law in interpreting state evidentiary law does
not give rise to due process violation); <u>Spencer v. Murray</u>, 5
F.3d 758, 762 (4th Cir. 1993) (regarding DNA evidence), <u>cert</u>.
<u>denied</u>, 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994);
<u>Chance v. Garrison</u>, 537 F.2d 1212 (4th Cir. 1976). Here,
Petitioner has made no such showing. As argued in the state's
brief on direct appeal, and as the Court of Appeals implicitly
found, Delp's testimony did not fall within an exception to North
Carolina's hearsay rule, <u>i.e.</u>, it was not an admission of a party
opponent and at least two of the statements were not inconsistent
with Coffey's prior testimony. (TAB 2, pages 13-14)
Furthermore, as discussed below, any potential error was harmless
because substantially similar evidence was presented to the jury
without objection through another witness. Therefore, contrary
to his assertion, Petitioner was not prevented from presenting
the substance of any allegedly competent, trustworthy evidence in
his defense. Petitioner has not shown fundamental unfairness or
a violation of the federal Confrontation Clause as occurred in
<u>Chambers v. Mississippi</u>, 410 U.S. 284, 93 S.Ct. 1039, 35 L.Ed.2d
297 (1973) (state hearsay rule may not be mechanistically applied
to exclude trustworthy evidence).

Case 5:99-cv-00144-RLV   Document 4   Filed 12/13/99   Page 24 of 31

Petitioner asserted on direct appeal that Coffey testified inconsistently by stating that he had been a reluctant participant in the robbery/murder, and then telling Delp that "whatever he got he deserved." Petitioner does not point to any, and there was no, prior testimony by Coffey that is inconsistent with those two statements. Coffey's testimony made it abundantly clear that he was a reluctant participant in the crime and he never said he should not be punished. (T. Vol. II at 227-28)

Second, Petitioner asserts that Coffey testified inconsistently when he said that "only he (Coffey) and Bragg were involved with killing Hartley" but said in jail, that "Greg" was with him at the time of the murder. However, Coffey was never asked if "Greg" [Richardson] was with him when Petitioner killed Hartley. Since Coffey did not make any direct statement regarding the participation of "Greg" in the murder itself, evidence of any prior statement to that effect would not be inconsistent and was properly excluded by the trial judge. See State v. Couch, 35 N.C.App. 202, 206, 241 S.E.2d 105, 107 (1978).

Next, Petitioner argues that the trial court erred by excluding Delp's testimony that he overheard Coffey tell someone that Petitioner had nothing to do with Hartley's death since such a remark was inconsistent with Coffey's testimony that Petitioner

-22-

murdered Hartley. Assuming arguendo that the trial court erred by excluding this testimony (which it did not), it was harmless. The testimony of Jonathon Harmon cured the error by placing substantially the same evidence before the jury. Jonathon Harmon testified Coffey said, "[h]e (Coffey) just said that he (Coffey) hit him . . . He (Coffey) didn't say how many times he (Coffey) hit him (Hartley) or anything like that. [A]nd he (Coffey) told me that he (Coffey) didn't mean to kill him (Hartley). Those is his exact words (sic). He said he didn't mean to kill him." (T. Vol. V at 972)

Harmon's testimony is substantially similar to the statement that Petitioner sought to introduce through Delp's testimony that Petitioner had nothing to do with the murder. When testimony has been admitted without objection, no prejudice exists when substantially similar evidence is erroneously excluded. In other words, exclusion of the proffered testimony could not have had a "substantial and injurious effect or influence in determining the jury's verdict" under <u>Brecht</u> (harmless error standard on habeas review for alleged trial-type error). Furthermore, the Fourth Circuit has held the <u>Brecht</u> standard for harmless error applies even where the state appellate courts have not adjudicated the harmless error issue. See <u>Smith v. Dixon</u>, 14 F.3d 956, 975-78

-23-

(4th Cir.) (en banc), cert. denied, 513 U.S. 841, 115 S.Ct. 129, 130 L.Ed.2d 72 (1994); Sherman v. Smith, 89 F.3d 1134, 1140-41 (4th Cir. 1996) (en banc), cert. denied, 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997).

Next, should this Court somehow disagree with Respondent's above non-exhaustion/procedural bar argument and conclude that Petitioner adequately presented his Confrontation Clause claim to the Court of Appeals, then Respondent pleads §2254(d). If Petitioner adequately raised this claim in the Court of Appeals, then that court had to have denied it summarily on the merits, i.e., "remaining assignments of error . . . without merit." (TAB 1, page 20) See Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.) ("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."), cert. denied, 119 S.Ct. 2361, 144 L.Ed.2d 254 (1999); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (Even where state court denies multiple claims in short one paragraph order without an evidentiary hearing, the state adjudication is still entitled to the new deferential standards of review of §2254(d).); Weeks v. Angelone, 176 F.3d 249, 258, (4th Cir. 1999) ("Where, as here, the state supreme court has adjudicated a claim

-24-

on the merits but has given no indication of how it reached its decision, a federal habeas court must still apply the AEDPA standards of review. [citation omitted] A state court's perfunctory decision is reasonable if it "'is at least minimally consistent with the facts and circumstances of the case.'" [citations omitted]."), cert. allowed on other grounds, ___ U.S. ___ (1999); Green v. French, 143 F.3d 865, 870 (4th Cir. 1998) ("In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant [United States Supreme Court] precedent **in a manner that reasonable jurists would all agree is unreasonable**.") (emphasis added).

In sum, contention (b) is procedurally barred, without merit and harmless. In addition, should this Court somehow disagree with Respondent's procedural bar defense, then contention (b) should be summarily denied pursuant to §2254(d).

-25-

Respectfully submitted, this ___6___ day of December, 1999.

MICHAEL F. EASLEY
ATTORNEY GENERAL

Clarence J. DelForge, III
Assistant Attorney General
State Bar No. 12925

Post Office Box 629
Raleigh, North Carolina  27602

(919) 716-6571

-26-

NORTH CAROLINA
WAKE COUNTY

## **VERIFICATION**

CLARENCE J. DELFORGE, III, being duly sworn, says:

That he is an Assistant Attorney General for the office of the Attorney General of the State; that he has read the foregoing and he is informed and believes that the same is true, except for those matters alleged to be of his own knowledge which are true.

Clarence J. DelForge, III
Assistant Attorney General

Sworn to and subscribed before
me on **Dec. 9th** 1999.

Notary Public

My Commission Expires: **8/1/04**

## **PROOF OF SERVICE**

I HEREBY CERTIFY that on December **9th** 1999, a copy of the foregoing was mailed, postage prepaid, to the Petitioner:

Mr. J. Phillip Griffin, Staff Attorney
North Carolina Prisoner Legal Services, Inc.
P.O. Box 25397
Raleigh, N.C. 27611

Clarence J. DelForge, III
Assistant Attorney General

# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.