IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:99CV144-1-V

| | |
|---|---|
| ROBERT CHARLES BRAGG, ) | |
| ) | REPLY BRIEF |
| Petitioner, ) | Local Rule 7.1(B) |
| ) | |
| v. ) | |
| ) | |
| LOOMIS WOODARD, Supt., ) | |
| Johnston County Corr. Center, ) | |
| ) | |
| Respondent. ) | |

**Summary of the Nature of the Case and Pertinent Facts**

For a summary of the nature of this case and pertinent facts, Respondent refers this Court to Respondent's original answer, motion for summary judgment and supporting brief.

**Legal Argument**

As a general reply, Respondent refers this Court to Respondent's original answer, motion for summary judgment and supporting brief. Petitioner does make an argument, however, which requires further reply. The fact that Respondent may not mention all of Petitioner's arguments herein does not indicate concession or agreement with any of them. It simply means the undersigned believes they were adequately addressed in Respondent's previously filed answer, motion for summary judgment and supporting brief.



I.  THE NORTH CAROLINA COURT OF APPEALS COMPLIED WITH PENNSYLVANIA V. RITCHIE BY CONDUCTING A COMPLETE IN CAMERA REVIEW OF THE CO-DEFENDANT COFFEY'S MENTAL HEALTH RECORDS AND PETITIONER HAS NO CONSTITUTIONAL RIGHT TO REQUIRE THIS COURT TO CONDUCT ANOTHER ONE.

In his memorandum of response, Petitioner asserts that although the North Carolina Court of Appeals conducted an in camera review of the sealed mental health records of co-defendant Kenneth Coffey, there is nothing in the record to show what materials that court actually looked at when it opened the sealed records, or whether it reviewed the records with an eye toward impeaching Coffey's credibility as distinguished from his competency. Petitioner's contention is without merit. In rendering its decision, the Court of Appeals stated;

> Without deciding whether the trial court should have preformed an in-camera review of the documents, we have reviewed the sealed mental health records which relate primarily to Coffey being competent to stand trial. We fail to see how this information could have benefited the defendant as he examined Coffey about his head injury, memory loss, treatment at Broughton Hospital, and New River Mental Health Clinic, as well as about any medications he was taking. As no prejudice resulted to the defendant due to the failure of the trial court to inspect the records in camera, we find this assignment of error to be without merit.

(TAB 1, pages 10-11)[1] This language indicates the Court of Appeals fully reviewed all the sealed mental health records with an eye toward any prejudice to Petitioner, whether relating to Coffey's competency or credibility as a witness. The Court of Appeals thereby complied with <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (Defendant who has been denied access to youth services files before conviction is entitled to post-conviction <u>in camera</u> inspection by the court, and not his counsel, to determine if they contain any exculpatory information and if so if there could be a reasonable probability that had the evidence been disclosed the result would be different.). Petitioner's implication that the Court of Appeals conducted a myopic review of the sealed records without considering their potential impeachment value in attacking Coffey's credibility, or that the court failed to throughly review all of the sealed documents, is an affront to the integrity of the Court of Appeals panel and is based only on speculation.

Furthermore, Petitioner has not cited any authority holding

---

[1] All of Respondent's TABs referred to herein are to the tabbed state court records Respondent previously filed with this Court.

-3-

that a state prisoner has a right to have a federal habeas court conduct a second and repetitive _in camera_ review of sealed mental health records which have already been reviewed by a state appellate court. It is axiomatic that federal district courts are not required to sit as super state courts of appeal. Instead, they review state court merit determinations, _i.e._, conclusions of law or mixed findings of fact and conclusions of law, to ensure they are not contrary to, nor involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d). Here, the state appellate court complied with clearly established federal law, _i.e._, _Ritchie_, by conducting an _in camera_ review of the sealed mental health records and finding no prejudice. Surely this court is not required to shoulder the additional burden of micro-managing the manner in which the state appellate court conducted its _in camera_ review. _Ritchie_ does not require that result.

In addition, the cases Petitioner cites do not support his argument. In his initial memorandum filed in support of his federal habeas petition, Petitioner relied heavily upon <u>United States v. Society of Independent Gasoline Marketers of America</u>, 624 F.2d 461 (4th Cir. 1979), _cert. denied_, 449 U.S. 1078, 101

-4-

S.Ct. 859, 66 L.Ed.2d 801 (1981). This case was distinguished by Respondent in his previously filed brief supporting his answer and motion for summary judgment. In addition, it is worth noting here, that <u>Gasoline Marketers</u> was a federal civil suit in which the Fourth Circuit conducted a second <u>in camera</u> review of sealed records on direct appeal. In essence, the Fourth Circuit stood in the same position as the North Carolina Court of Appeals did in the case at bar. Nothing in <u>Gasoline Marketers</u> suggests that a state prisoner is entitled to have a federal district court conduct a second and repetitive <u>in camera</u> review on habeas corpus of sealed records which were already reviewed by a state appellate court. Particularly where, as here, there has been no persuasive showing that the state appellate court's <u>in camera</u> review was deficient.

Furthermore, Petitioner's reliance upon <u>Love v. Johnson</u>, 57 F.3d 1305 (4th Cir. 1995), <u>appeal after remand</u>, 188 F.3d 502 (4th Cir. 1999) in also misplaced. In <u>Love</u>, the state courts failed to conduct any <u>in camera</u> review of voluminous subpoenaed medical/mental health records of a child sex abuse victim. It was only because of this failure that the Fourth Circuit required the federal district court to conduct its own <u>in camera</u> review to determine whether the materials contained information that would

-5-

probably have changed the outcome of Love's trial. Love does not hold that a federal district court must conduct a second and repetitive in camera review of sealed mental health records after a state appellate court has already done so. Petitioner's attempt to extend the holding in Love to cover the entirely different circumstances in the case at bar, should be rejected.

In sum, for the reasons above, and in Respondent's previously filed answer, motion for summary judgment and supporting brief, Petitioner's federal habeas contentions should be denied and this case summarily dismissed.

> II. TO THE EXTENT PETITIONER MAY BE SUGGESTING THERE WERE SOME MEDICAL/MENTAL HEALTH RECORDS OF KENNETH COFFEY WHICH WERE SUBPOENAED BUT NOT SEALED FOR APPELLATE REVIEW, SUCH A CLAIM WOULD BE NON-EXHAUSTED AND NOW PROCEDURALLY BARRED FROM FEDERAL HABEAS REVIEW. IN ADDITION, IT WOULD BE AN UNSUPPORTED CONCLUSORY ALLEGATION SUBJECT TO SUMMARY DISMISSAL.

It is very difficult for the undersigned to tell by reading Petitioner's response memorandum, but he may be arguing or implying that there are some medical/mental health records for Kenneth Coffey which Petitioner's trial counsel subpoenaed but were not sealed for appellate review. (see Petitioner's response

memorandum at page 12)[2] If Petitioner is making this argument, he did not do so in his brief to the North Carolina Court of Appeals on direct appeal. (TAB 3, pages 24-27) It is therefore a non-exhausted claim. See 28 U.S.C. §2254(b)(1)(A). Should Petitioner return to state court to attempt to exhaust state remedies by raising it in a post-conviction motion for appropriate relief (MAR), however, it will be found procedurally barred under North Carolina's mandatory post-conviction procedural bar statute. This is because Petitioner could and should have raised this claim on direct appeal to the Court of Appeals. See N.C.G.S. §15A-1419(a)(3), (b) (1997) (motion for appropriate relief procedurally barred when Petitioner was in adequate position to raise claim on direct appeal but did not do so, absent showing of cause and prejudice for default). See also Breard v. Pruett, 134 F.3d 615 (4th Cir.) (Procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred.), cert. denied, 523 U.S. 371, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998); Williams v. French,

---

[2] Petitioner may not be making this argument at all, but out of an abundance of caution Respondent will address it herein.

146 F.3d 203, 209 (4th Cir. 1998) ("The state procedural rule applied in this case, North Carolina General Statutes §15A-1419(a)(3), is an independent and adequate state ground."), cert. denied, 119 S.Ct. 1061 (1999); Boyd v. French, 147 F.3d 319, 332, (4th Cir. 1998) ("This court has consistently held, however, that §15A-1419(a) is an adequate and independent state-law ground for decision foreclosing federal habeas review."), cert. denied, 119 S.Ct. 1050 (1999).

In addition, if in response to this reply brief Petitioner attempts to raise a claim of ineffective assistance of appellate counsel for counsel's failure to raise this claim on direct appeal to the Court of Appeals, it must also be deemed non-exhausted. See Murray v. Carrier, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (Although petitioner may seek to demonstrate ineffective assistance as cause for default, exhaustion doctrine generally requires that ineffective assistance claim first be presented to state courts.). See also Justus v. Murray, 897 F.2d 709 (4th Cir. 1990) (Petitioner cannot assert ineffective assistance as cause for procedural default where he has also defaulted on ineffective assistance claim, unless he first establishes cause and prejudice for default on ineffective assistance claim.). Thus, Petitioner's contention

-8-

should be deemed non-exhausted and now procedurally barred.

Furthermore, if Petitioner is in fact suggesting in his response memorandum at page 12 that there are some medical/mental health records for Kenneth Coffey which Petitioner's trial counsel subpoenaed but were not sealed for appellate review, it is an unsupported, conclusory allegation (or implication). Petitioner does not identify what medical/mental health records were subpoenaed by trial counsel but not sealed for appellate review. Petitioner's claim should therefore be summarily dismissed pursuant to Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

In sum, for the reasons above, and in Respondent's previously filed answer, motion for summary judgment and supporting brief, Petitioner's federal habeas contentions should be denied and this case summarily dismissed.

Respectfully submitted, this __7__ day of February, 2000.

                       MICHAEL F. EASLEY
                       ATTORNEY GENERAL

                       *[signature]*

                       Clarence J. DelForge, III
                       Assistant Attorney General
                       State Bar No. 12925

                       Post Office Box 629
                       Raleigh, North Carolina  27602

                       (919) 716-6571

NORTH CAROLINA
WAKE COUNTY

### VERIFICATION

CLARENCE J. DELFORGE, III, being duly sworn, says:

That he is an Assistant Attorney General for the office of the Attorney General of the State; that he has read the foregoing and he is informed and believes that the same is true, except for those matters alleged to be of his own knowledge which are true.

                                      Clarence J. DelForge, III
                                      Assistant Attorney General

Sworn to and subscribed before me on Feb. 7th, 2000.

_____
Notary Public

My Commission Expires: 3/1/04

### PROOF OF SERVICE

I HEREBY CERTIFY that on February 7th, 2000, a copy of the foregoing was mailed, postage prepaid, to the Petitioner:

        Mr. J. Phillip Griffin, Staff Attorney
        North Carolina Prisoner Legal Services, Inc.
        P.O. Box 25397
        224 South Dawson Street
        Raleigh, N.C. 27611

                                      Clarence J. DelForge, III
                                      Assistant Attorney General